Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, New Jersey 08530
(609) 243-0300
ID#007811997

Hope A. Lang, Attorney at Law
466 Kinderkamack Road
Oradell, New Jersey 07649
(201) 599-9600
ID# 020711997

**Attorneys for Plaintiff**

| | |
|---|---|
| ANTOINETTE JUDY FAMULARE<br><br>Plaintiff,<br><br>v.<br><br>GANNETT CO., INC., GANNETT SATELLITE INFORMATION NETWORK, LLC and GANNET SATELLITE INFORMATION NETWORK, INC. d/b/a/ USA TODAY and USA NETWORK; LOCALIQ, LLC; and JERAMIAH MARTIN, individually.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br>DOCKET NO.:<br><br>CIVIL ACTION<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Antoinette Judy Famulare, by way of Complaint against Defendants Gannett Co., Inc., Gannett Satellite Information Network, LLC and Gannett Satellite Information Network, Inc. d/b/a USA Today and USA Network, LocaliQ, LLC, and Jeremiah Martin individually, states and alleges as follows:

## PARTIES

1. Plaintiff Antoinette Judy Famulare is a natural person residing at 170 Blauvelt Ave., Dumont, New Jersey 07628. At all relevant times stated herein, Ms. Famulare was an employee of Defendants Gannett Co. Inc. and/or Gannett Satellite Information Network, LLC (collectively, "Gannett") as a Senior Account Executive. Her place of employment was Gannett's offices located at 1 Garrett Mountain Plaza, 9th Floor, Woodland Park, New Jersey.

2. Ms. Famulare was born in 1956, and was 63 years of age at the time of her illegal, discriminatory termination by Defendants.

3. Defendant Gannett Co., Inc., is a national media company. Upon information and belief, Gannett uses two subsidiaries known as Gannett Satellite Information Network, LLC and Gannett Satellite Information Network, Inc., (all collectively, "Gannett") to publish the USA Today newspaper, USA Today Network, and numerous other print and digital information content platforms. Gannett's headquarters are located 7950 Jones Branch Drive, McLean, VA 221073.

4. In or about September 2018, Gannett launched LocaliQ, which it describes as a "data-driven marketing solution designed to simplify the complexity of marketing for businesses and drive improved return on investment" and which "provides guidance, context, and recommendations around a business's online marketing presence." Upon information and belief, Gannett operates LocaliQ in New Jersey under the corporate name LocaliQ, LLC.

5. Defendant Jeramiah Martin was at all relevant times Gannett's Regional Sales Director, Northern New Jersey, for the USA Today Network and its LocaliQ business, and was

at all relevant times a manager and supervisor of Plaintiff. Upon information and belief, Defendant Martin resides in New Jersey.

## BACKGROUND FACTS

6. In October 2004, Ms. Famulare began working as an Account Executive selling newspaper advertising for North Jersey Media Group (NJMG), a predecessor entity to Gannett. Throughout her entire work history at NJMG, Ms. Famulare received excellent performance evaluations.

7. In or about July 2016, NJMG was purchased by Gannett, and Ms. Famulare continued her employment as a Gannett employee.

8. Ms. Famulare's job duties as Account Executive increased to selling digital marketing solutions to clients in addition to newspaper advertising.

9. Ms. Famulare did not receive any performance evaluation as a Gannett employee.

10. Plaintiff first met Defendant Jeramiah Martin in 2017 when he was introduced to her sales team as the new Director of Sales. Defendant Martin became Ms. Famulare's direct supervisor.

11. Commencing approximately August 2019, Defendant Gannett began hiring substantially younger Account Executives, while at the same time targeting Ms. Famulare for termination through a false and pretextual campaign of harassment to try to compel her resignation.

12. On or about December 6, 2019, Defendant Martin emailed Ms. Famulare a "coaching plan" purportedly arising from a meeting the two had in August 2019. The coaching plan was replete with errors. First, it was incorrectly dated as of 2018. It also stated that Ms. Famulare was to make 100 client "touchpoints" a week, even though at the August 2019 meeting it was agreed to 50 weekly touchpoints.

13. Ms. Famulare pointed out these errors to Defendant Martin, who stated that he would make the corrections, but he never did so.

14. Defendant Martin placed Ms. Famulare on a coaching plan even though she met her performance goals and totals for both 2018 and 2019. (Indeed, Ms. Famulare was awarded a gift card for her 2019 sales figures. Ms. Famulare was also awarded an additional gift card for having digital sales in excess of $100,000 in 2019, which was Gannett's primary sales focus.)

15. In October 2019, Defendant Martin stepped up his campaign of targeting Ms. Famulare and trying to set her up to fail. At this time, he summarily assigned Ms. Famulare a series of distressed accounts that had been previously handled by another Account Executive that was on medical leave.

16. These distressed accounts were utterly neglected for the previous 8 months and were either in arrears or had irate customers due to the prior neglect.

17. Accordingly, beginning in October 2019, Ms. Famulare was purposefully forced to spend a great deal of time and effort to manage and repair the pre-existing problems with these

newly assigned distressed accounts.   (Nevertheless, Ms. Famulare was still able to meet her sales goals for 2019).

18.   At the very same time it was creating the pretextual basis to terminate Ms. Famulare, Gannett hired no less than four new Account Executives, ages 26 to mid-30s, starting in August 2019.

19.   On February 18, 2020, Defendant Martin called Ms. Famulare into an office.   He told her that she was "going to have a hard time meeting her metrics."   He then remotely connected Gannett's Regional HR Executive, Kathi Abatemarco, who summarily terminated Ms. Famulare.

20.   Defendants' justification for terminating Ms. Famulare was bogus and a pretext for unlawful discrimination.   Defendants terminated Ms. Famulare because of her age while younger workers were retained and new ones hired to do the same work as Ms. Ms. Famulare.

## COUNT I - DISRIMINATION IN VIOLATION OF LAD

21.   Plaintiff Antoinette Judy Famulare hereby incorporates and restates the allegations contained in the preceding Paragraphs as set forth at length herein.

22.   Defendants terminated Plaintiff due to her age in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (LAD).

23.   As a result of Defendants' unlawful conduct, Plaintiff has been subjected to job detriment and economic losses and will continue to be subjected to such losses.

24. As a result of Defendants' unlawful conduct, Plaintiff has been subjected to emotional distress, pain, suffering, mental anguish, embarrassment, stress, anxiety, and humiliation, and continues and will continue to suffer same.

## COUNT II - AIDER AND ABETTOR (INDIVIDUAL) LIABILITY UNDER THE LAD
### (Against Jeremiah Martin)

25. Plaintiff Antoinette Judy Famulare hereby incorporates and restates the allegations contained in the preceding Paragraphs as set forth at length herein.

26. Defendant Jeramiah Martin individually acted as an aider and abettor to age discrimination against Antoinette Judy Famulare in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (LAD).

27. As a result of Defendant Martin's unlawful conduct, Plaintiff has been subjected to job detriment and economic losses and will continue to be subjected to such losses.

28. As a result of Defendant Martin's unlawful conduct, Plaintiff have been subjected to emotional distress, pain, suffering, mental anguish, embarrassment, stress, anxiety, and humiliation, and continues and will continue to suffer same.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff hereby demands judgment jointly and severally against all Defendants and respectfully requests this Honorable Court:

    A.) Award Plaintiff compensatory damages including but not limited to emotional and physical pain and suffering, mental anguish, emotional distress, humiliation, loss of enjoyment of life, and other non-pecuniary

losses; past economic loss, future economic loss, loss of life's pleasures, loss of insurance and other benefits, and other damages;

B.) Award Plaintiff punitive damages;

C.) Grant Plaintiff's Attorneys' fees, interest, and costs of suit; and

D.) Grant such further relief the Court may deem equitable and just.

Respectfully submitted,

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300

Hope A. Lang, Attorney at Law
466 Kinderkamack Road
Oradell, New Jersey 07649
(201) 599-9600

Attorneys for Plaintiff

Dated: August 14, 2020

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that this matter in controversy is not the subject of other actions pending in any court or arbitration proceedings, or any such contemplated other actions or arbitration proceedings.

*[signature]*
David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Attorneys for Plaintiff

Dated: August 14, 2020

## DESIGNATION OF TRIAL COUNSEL

David Zatuchni, Esq. is hereby designated as trial counsel in this matter.

*[signature]*
David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Attorneys for Plaintiff

Dated: August 14, 2020

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims.

David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, NJ 08530
609-243-0300
Attorneys for Plaintiff

Dated: August 14, 2020