UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTOINETTE JUDY FAMULARE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GANNETT CO., INC., et al.<br><br>　　　　Defendants. | Civil Action No. 20-cv-13991 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE HAMMER'S DECEMBER 6, 2021 ORDER**

**PASHMAN STEIN WALDER HAYDEN**
**A Professional Corporation**
James W. Boyan, III, Esq. (027652006)
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Defendants*
*Gannett Co., Inc., Gannett Satellite*
*Information Network, LLC, LocalIQ, LLC*
*and Jeramiah Martin*

On the Brief:
James W. Boyan, III, Esq.

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

    INTRODUCTION ............................................................................................................ 1

    FACTS AND PROCEDURAL HISTORY ...................................................................... 1

        General Background and Plaintiff's Discovery Requests ......................................... 1

        Salesforce and Defendants' Document Production .................................................. 2

        Plaintiff's Rejection of the ESI .................................................................................. 3

        Judge Hammer's Order. ............................................................................................. 3

    STANDARD OF REVIEW .............................................................................................. 4

    ARGUMENT .................................................................................................................... 4

    CONCLUSION ................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co.,
  131 F.R.D. 63 (D.N.J. 1990) .................................................................................. 4

Lynch v. I.A.M.A.W., AFL-CIO,
  09-C-994, 2010 WL 5299879 (E.D. Wis. Dec. 17, 2010) ........................................ 6

Redland Soccer Club v. Dep't of the Army,
  55 F.3d 827 (3d Cir. 1995) ..................................................................................... 5

United States v. Gypsum Co.,
  333 U.S. 364 (1948) ............................................................................................... 4

United States v. Washington,
  869 F.3d 193 (3d Cir. 2017) ................................................................................... 5

**Statutes**

28 U.S.C. § 636(b)(1)(A) ............................................................................................. 4

**Rules**

Federal Rule of Civil Procedure 30 ............................................................................. 4

Federal Rule of Civil Procedure 34 ..................................................................... 1, 4, 5, 6

Federal Rule of Civil Procedure 72 ......................................................................... 1, 4, 6

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(a), Defendants respectfully submit these objections to Magistrate Judge Hammer's December 6, 2021 Order (ECF No. 23) (the "Order") requiring Defendants to produce information from its Salesforce database in "screenshot" format, or produce a corporate representative to be deposed about Defendants' inability to produce screenshots. The electronically stored information ("ESI") in dispute has already been produced to Plaintiff in Microsoft Excel format. The Order requires that ESI be produced in a second format in contravention of Rule 34(b)(2)(E)(iii). Moreover, the Order requires Defendants to collate and organize the already-produced ESI – a task which should be reserved for Plaintiff – and tediously take and produce screenshots of the results. For these reasons, and those argued below, there was no legal basis for the Court to order Defendants to reproduce this discovery. By extension, because Defendants should not be required to produce screenshots of newly-created documents, there is no basis to have a corporate representative deposed about whether Defendants have the capability to take screenshots.

## FACTS AND PROCEDURAL HISTORY

### General Background and Plaintiff's Discovery Requests

Plaintiff filed a two-count Complaint in Superior Court of New Jersey, Bergen County, on August 14, 2020, alleging: (1) Defendants violated the New Jersey Law Against Discrimination for terminating Plaintiff because of her age; and (2) aiding and abetting against Plaintiff's former supervisor, Defendant Jeramiah Martin. The case was removed to this Court on October 6, 2021. (ECF No. 1.)

On or about January 14, 2021, Plaintiff served her first set of document requests on Defendants. Relevant to this application, Requests 16-20 requested "Any and all reports,

spreadsheets, printouts, memoranda or other documentation showing…" the following subject matter:

> 16. monthly, quarterly, and/or annual sales quotas/goals from January 2017 to present for Plaintiff and a list of several other specified individuals.
>
> 17. all sales performance metrics from January 2017 to present with respect to (a) digital marketing solutions; (b) digital sales; and (c) print sales, for Plaintiff and several other specified individuals.
>
> 18. all monthly, quarterly, and/or annual retention rates and/or churn rates with respect to (a) digital marketing solutions; (b) digital sales; and (c) print sales, for Plaintiff and several other specified individuals.
>
> 19. all monthly, quarterly, and/or annual retention rates and/or churn rates with respect to (a) digital marketing solutions; (b) digital sales; and (c) print sales, for Plaintiff and several other specified individuals.[1]
>
> 20. comparative placement or rankings for Account executives from January 2017 to present working in the Woodland Park, New Jersey facilities.

(collectively "Sales and Performance Data") (Declaration of James W. Boyan III, Exhibit 1.) Each of these requests states: "This document request includes, but is not limited to, any and all applicable documentation available from the company's Salesforce and/or ASAT computer programs." (Id.)

Salesforce and Defendants' Document Production

The ESI Plaintiff seeks is stored on Defendants' Salesforce database. To provide Plaintiff with the requested information, Defendants extracted the responsive ESI from that database, exported it into Microsoft Excel, and produced it Plaintiff on August 18, 2021 in Excel format.[2] Significantly, the Excel files are not merely a massive "data dump" of raw, unorganized ESI.

---

[1] Requests 18 and 19 appear to be duplicative.
[2] The Excel files were produced as D000145 and 565.

Rather, the Excel files contain over five hundred (500) rows of relevant Sales and Performance Data extracted from Salesforce, and is broken down by year and month, the metrics Plaintiff requested, and is also itemized by each employee enumerated in Plaintiff's document requests.

Plaintiff's Rejection of the ESI

Mistakenly believing that Defendants had failed to produce any Sales and Performance Data, Plaintiff submitted a letter application to Judge Hammer on October 31, 2021. (ECF No. 19.) That letter rejected the files Defendants produced, and took the position that actual reports, that are up to Plaintiff's specifications, must be produced instead. Plaintiff attached screenshots of the Salesforce Dashboard – which is not a document – as her "proof" that Defendants could produce reports from Salesforce directly. (ECF No. 19, Exhibit C.)

After multiple unsuccessful attempts to schedule a meet and confer on this issue, Defendants' counsel wrote a letter to Plaintiff's lawyer on November 29, 2021 to address this discovery issue. (Boyan Decl., Ex. 2.) That letter explained, among other things, that the Dashboard screenshots are not "reports" that can be accessed, downloaded and printed. Rather, it is a collection of dynamic charts, tables, etc., that visually depict various datapoints of the ESI stored within the Salesforce database as they exist *at the current point in time*. The letter further explained that in order to view historic data, that data must be exported into another program such as Microsoft Excel. That is precisely what Defendants did already.

Judge Hammer's Order

The parties submitted a joint statement on the status of discovery issues on November 30, 2021. (ECF No. 21.) The parties' respective positions are the same as set forth above. On December 6, 2021, Judge Hammer held a telephone conference. During the conference, the parties discussed whether Defendants' ESI production was an adequate response to Plaintiff's discovery requests. Plaintiff's counsel argued that Defendants should be required to produce screenshots of

its Salesforce ESI to Plaintiff's exact specifications (i.e. after collating and organizing the data) **so that he could use them as trial exhibits.** Judge Hammer did not make a ruling during the telephone conference. Later that day, Judge Hammer entered a text order which states:

> For the reasons set forth on the record on December 6, 2021, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i), to the extent possible, Defendant shall produce the reports in screenshot format **in addition to the Excel spreadsheet format already produced.** Counsel shall schedule and take the Rule 30(b)(6) deposition of a Defendant representative on this issue, if Defendant maintains that it cannot produce the screenshot format. On or before December 13, 2021, the parties will jointly submit a proposed Amended Scheduling Order. So Ordered by Magistrate Judge Michael A. Hammer on 12/6/2021. (Hammer, Michael)

(ECF No. 23) (emphasis added.)

## STANDARD OF REVIEW

Pursuant to Rule 72(a), this Court may modify or set aside any portion of a magistrate judge's order on a non-dispositive issue that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990), quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948) "While discovery rulings are ordinarily reviewed for abuse of discretion, '[the Third Circuit] exercise[s] *de novo* review over the standards the district court used in exercising its discretion.'" United States v. Washington, 869 F.3d 193, 213 (3d Cir. 2017), quoting Redland Soccer Club v. Dep't of the Army, 55 F.3d 827, 845 (3d Cir. 1995)

## ARGUMENT

Magistrate Judge Hammer's Order requiring Defendants to produce the same ESI in multiple formats, and requiring Defendants to organize that ESI and produce screenshots of it, was

4

contrary to law. Federal Rule of Civil Procedure 34(b)(2)(E)(ii), states "If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Federal Rule of Civil Procedure 34(b)(2)(E)(iii) further provides that "A party need not produce the same electronically stored information in more than one form."

In this case, Defendants' production of the responsive Sales and Performance Data was compliant with both Rules 34(b)(2)(E)(ii) and (iii). As explained in Defendants' November 29, 2021 letter, and November 30, 2021 joint statement on the status of discovery, the information Plaintiff desires is ESI on Defendants' Salesforce Database. Therefore – and because Plaintiff's document requests did not specify a form for production – Defendants' exported the responsive ESI from its Salesforce database and produced it to Plaintiff in Microsoft Excel format which is a reasonably usable form. Accordingly, Defendants have already complied with their obligation under Rule 34(b)(2)(E)(ii).

Without making any showing that the produced Excel files are not "a reasonably useable form" or otherwise inadequate, Plaintiff complains that Defendants must be compelled to generate outputs of the ESI in a different format. In other words, Plaintiff would like to shift the burden onto Defendants to analyze and organize the ESI, and prepare an output which would make it easier for Plaintiff to use as a trial exhibit. However, a party is only entitled to receive ESI in either form in which it is ordinarily maintained or in a reasonably usable form; a party cannot compel their adversary to re-produce ESI in another format simply based on preference. See e.g. <u>Lynch v. I.A.M.A.W., AFL-CIO</u>, 09-C-994, 2010 WL 5299879, at *4 (E.D. Wis. Dec. 17, 2010) (holding defendant's conversion of internal database into Microsoft Word format satisfied the requirements of Rule 34(b)(2)(E) despite plaintiff's insistence on the database must be produced in Microsoft

Excel format). Here, Plaintiff has admitted that she wants the ESI in a different format so that she can use it as a trial exhibit. That is not a valid basis for requiring a producing party to reproduce ESI in a different format. Nevertheless, Judge Hammer accepted Plaintiff's arguments, and ordered Defendants to re-produce ESI in a second format. Indeed, Judge Hammer's Order directly acknowledges that it is requiring Defendant to produce the responsive ESI "in screenshot format **in addition to the Excel spreadsheet format already produced.**" (emphasis added.)

Defendants' production of responsive ESI in Excel format satisfies the requirements of Rule 34(b)(2)(E)(ii). Simply because Plaintiff would prefer Defendants produce the ESI in another format – a format which shifts the burden onto Defendants to collate and organize the ESI in a particular way so Plaintiff doesn't have to – does not justify a duplicative ESI production. Likewise, there is no reason why Plaintiff herself cannot generate charts or other means of displaying the Sales and Performance Data to use as a trial exhibit. Judge Hammer's Order wrongfully shifts the burden onto Defendants to prepare Plaintiff's trial exhibits. Accordingly, it is respectfully submitted that Judge Hammer's Order should be vacated pursuant to Rule 72(a).

## CONCLUSION

For all of the foregoing reasons, Magistrate Judge Hammer's December 6, 2021 Order should be vacated.

Respectfully submitted,

**PASHMAN STEINWALDER HAYDEN**
A Professional Corporation
*Attorneys for Defendants*
*Gannett Co., Inc., Gannett Satellite Information Network, LLC, LocalIQ, LLC and Jeramiah Martin*

*/s/ James W. Boyan, III*
James W. Boyan III
Tel.: (201) 488-8200
Fax: (201) 488-5556

                                          Court Plaza South
                                          21 Main Street, Suite 200
                                          Hackensack, NJ 07601
                                          JBoyan@pashmanstein.com

Dated:  December 20, 2021