**PASHMAN STEIN WALDER HAYDEN**

A Professional Corporation
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
(201) 488-8200
*Attorneys for Defendants*
*Gannett Co., Inc., Gannett Satellite Information*
*Network, LLC, LocalIQ, LLC and Jeremiah Martin*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTOINETTE JUDY FAMULARE,<br><br>    Plaintiff,<br><br>v.<br><br>GANNETT CO., INC., et al.<br><br>    Defendants. | Civil Action No. 20-cv-13991 |

## <u>DECLARATION OF JAMES W. BOYAN III</u>

I, James W. Boyan, III, Esq., declare and affirm, pursuant to 28 U.S.C. § 1746 and subject to the penalty of perjury, that the following is true and correct:

1.      I am admitted to practice law in the State of New Jersey and a partner of the law firm Pashman Stein Walder Hayden, P.C., attorneys for Defendants in the above-captioned matter.

2.      Attached hereto as Exhibit 1 is a true and accurate copy of the relevant pages of Plaintiff's document requests.

3.      Attached hereto as Exhibit 2 is a true and accurate copy of the letter I sent to Plaintiff's counsel on November 29, 2021.

4.      A transcript of the December 6, 2021 conference related to Judge Hammer's

December 6, 2021 Order has been ordered. A copy of the transcript order document is attached

hereto as Exhibit 3.

5.   I affirm under the penalty of perjury that the foregoing is true and accurate.

*/s/ James W. Boyan III*
James W. Boyan III
Tel.: (201) 488-8200
Fax: (201) 488-5556
Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601
JBoyan@pashmanstein.com

Dated:  December 20, 2021

# EXHIBIT 1

Zatuchni & Associates, LLC
287 South Main Street
(Route 29)
Lambertville, New Jersey 08530
(609) 243-0300
DZ-2516

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTOINETTE JUDY FAMULARE, | Civil Action No. 20-cv-13991 |
| Plaintiff, | **PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS ON DEFENDANT GANNETT CO., INC.** |
| v. | |
| GANNETT CO., INC., et al. | |
| Defendants. | |

TO:   James W. Boyan, III
      Pashman Stein Walder Hayden, P.C.
      Court Plaza South
      21 Main Street, Suite 200
      Hackensack, NJ 07601
      Attorneys for Defendants

PLEASE TAKE NOTE THAT plaintiff demand that Defendant Gannett Co., Inc.

produce the following documents within the time prescribed by law, and further demands the

supplementation of said production in accordance with a party's continuing duty to provide late

discovered information.  Plaintiff requests that the documents be produced at *Zatuchni &*

*Associates, LLC, 287 South Main Street, Lambertville, NJ 08530.*

David Zatuchni, Esq.
**Zatuchni & Associates, LLC**
Attorneys for Plaintiff

Dated: January ___, 2021

1

which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment.

13. Any and all written witness statements, certifications, and/or affidavits obtained by you (including your attorney or anyone acting on your behalf) from any person relating to this litigation, any of the claims alleged in the Complaint, or any of the defenses raised by you.

14. Any and all written sales policies applicable to Account Executives in New Jersey from January 2017 to the present.

15. Any and all policies, memoranda, or any communications that identify the metrics by which the performance of Account Executives is determined or judged.

16. Any and all reports, spreadsheets, printouts, memoranda or other documentation showing the monthly, quarterly, and/or annual sales quotas/goals from January 2017 to the present for the following Account Executives:

Plaintiff Antoinette Judy Famulare
Johnathon Hummel
Brandon Ramirez
Conor Higgins
Brandon Ramirez
Deneen Wright
Joe Monaco
Rebecca Cardenas
Maryam Taghipour
Celeste Frederico
Karen Mikelis
Anna Giancaspro
Maria Sergi
Elizabeth Steiver
Monique (last name currently unknown)
Gloria U (full last name currently unknown)

(This document request includes, but is not limited to, any and all applicable documentation available from the company's Salesforce and/or ASAT computer programs.

17. Any and all reports, spreadsheets, printouts, memoranda or other documentation showing all sales performance metrics from January 2017 to the present for the following Account Executives with respect to (a) Digital Marketing Solution Sales, (b) Digital Sales, and (c) Print Sales:

Plaintiff Antoinette Judy Famulare
Johnathon Hummel

4

Brandon Ramirez
Conor Higgins
Brandon Ramirez
Deneen Wright
Joe Monaco
Rebecca Cardenas
Maryam Taghipour
Celeste Frederico
Karen Mikelis
Anna Giancaspro
Maria Sergi
Elizabeth Steiver
Monique (last name currently unknown)
Gloria U (full last name currently unknown)

(This document request includes, but is not limited to, any and all applicable documentation available from the company's Salesforce and/or ASAT computer programs.

18. Any and all reports, spreadsheets, printouts, memoranda or other documentation showing all monthly, quarterly, and/or annual Retention Rates and/or Churn Rates for the following Account Executives with respect to (a) Digital Marketing Solution Sales, (b) Digital Sales, and (c) Print Sales:

Plaintiff Antoinette Judy Famulare
Johnathon Hummel
Brandon Ramirez
Conor Higgins
Brandon Ramirez
Deneen Wright
Joe Monaco
Rebecca Cardenas
Maryam Taghipour
Celeste Frederico
Karen Mikelis
Anna Giancaspro
Maria Sergi
Elizabeth Steiver
Monique (last name currently unknown)
Gloria U (full last name currently unknown)

(This document request includes, but is not limited to, any and all applicable documentation available from the company's Salesforce and/or ASAT computers programs.

19. Any and all reports, spreadsheets, printouts, memoranda or other documentation

5

showing all monthly, quarterly, and/or annual Retention Rates and/or Churn Rates for the following Account Executives with respect to (a) Digital Marketing Solution Sales, (b) Digital Sales, and (c) Print Sales:

Plaintiff Antoinette Judy Famulare
Johnathon Hummel
Brandon Ramirez
Conor Higgins
Brandon Ramirez
Deneen Wright
Joe Monaco
Rebecca Cardenas
Maryam Taghipour
Celeste Frederico
Karen Mikelis
Anna Giancaspro
Maria Sergi
Elizabeth Steiver
Monique (last name currently unknown)
Gloria U (full last name currently unknown)

(This document request includes, but is not limited to, any and all applicable documentation available from the company's Salesforce and/or ASAT computer programs.

20. Any and all reports, spreadsheets, printouts, memoranda or other documentation showing comparative placement or rankings for Account Executive from January 2017 to the present working in the Woodland Park, New Jersey facilities.

21. Any and all correspondence, memoranda, communications or email that discuss or relate to the termination of Plaintiff.

22. All performance reviews and disciplinary documents from January 2017 to the present for the following Account Executives:

Plaintiff Antoinette Judy Famulare
Johnathon Hummel
Brandon Ramirez
Conor Higgins
Brandon Ramirez
Deneen Wright
Joe Monaco
Rebecca Cardenas
Maryam Taghipour
Celeste Frederico
Karen Mikelis

# EXHIBIT 2



**James W. Boyan III**
Partner
Direct: (201) 270-4935
jboyan@pashmanstein.com

November 29, 2021

**VIA EMAIL**
David Zatuchni, Esq.
Zatuchni & Associates, LLC
287 South Main Street
Lambertville, NJ 08530

> Re:   *Famulare v. Gannett Co., Inc., et al.*
>        Civil Action No. 20-13991

Dear Mr. Zatuchni:

We are in receipt of your email dated November 26, 2021. As you know, we have made multiple attempts to schedule a meet and confer with you and your co-counsel, Ms. Lang. (See my November 19 and 23, 2021 emails attached as Exhibit A). To date, you have declined to accept our invitations to meet and confer. Your failure to discuss these discovery issues with us has led to several misconceptions which I will address below.

First, you erroneously claim that we "produced 400 pages of call logs, which we did not request and have nothing to do with our motion to compel." The documents Bates stamped D000146-D000564 are not "call logs" as you have alleged. Instead, the contain detailed information about the prospecting and sales activity of Plaintiff and the Account Executive comparators that we agreed upon (the "Comparators"). The information in these documents comes directly from Salesforce and it is the basis for the Focus and Finish reports referenced in the Sales Leader Playbook. Accordingly, it is responsive to Plaintiff's discovery requests and it is one of the categories of documents that Plaintiff specifically sought in her October 31, 2021 letter application to Magistrate Judge Hammer (the "Letter Application"). (A copy of which is attached as Exhibit B). Notably, Plaintiff's failure to engage in sufficient prospecting activity was one of the reasons why Gannett terminated her employment.

You have also alleged that we have failed to produce documents containing information on sales performance and quota attainment by Plaintiff and the Comparators. Once again, that statement is not true. We have produced detailed information on those issues. (See the

---

Court Plaza South          Phone: 201.488.8200
21 Main Street, Suite 200  Fax: 201.488.5556
Hackensack, NJ 07601       www.pashmanstein.com

November 29, 2021
Page 2

documents Bates stamped, D000145 and D000565). Those documents contain detailed information on the sales performance metrics on which Plaintiff and the Comparators were evaluated. For example, D000145 contains information concerning their quarterly quotas for revenue and digital revenue and their attainment of those quotas on a percentage basis. In addition, D000565 contains information concerning total revenue, total accounts, digital revenue, digital accounts, and digital churn revenue. Plaintiff specifically requested this information in her discovery responses and in the Letter Application. The information in these documents comes directly from Gannett's Xactly computer system.

We also wanted to address a misrepresentation that you made in the Letter Application. You claimed that "Gannett maintains monthly, quarterly, and annual reports of sales metrics, quotas and quota attainments for all of its sales and account executives . . . [that] are maintained via on-line computer application, and all pertinent sales/metric reports such as "Performance to Goal", Full Report", "Quota Attainment" etc. can be accessed or downloaded or printed." In support of this erroneous statement, you attached certain documents to the Letter Application purporting to be the reports in question. (See Letter Application, Ex. C). However, those documents are not "reports" as you have alleged. They are screenshots of a Plaintiff's Sales Performance and Coaching Dashboard in Salesforce (the "Dashboard").

 It appears that Plaintiff took the screenshots of the Dashboard on February 22, 2020 (*i.e.*, several days after her termination). Contrary to your assertion, the Dashboard is not a "report" that can be accessed, downloaded, or printed. Instead, the Dashboard is a visual representation of various data points at that moment. The information that forms the basis of the various tables, charts, and gauges that appear in the Dashboard is not static; it changes based on new sales, new revenue, etc. The only way to view the historical sales/metrics information that went into the Dashboard is to export it into another program such as Microsoft Excel. That is precisely what we have done in this case.

Defendants have made a good faith search for all of the documents and information that are responsive to Plaintiff's requests and have produced everything that we have been able to locate to date. We have no desire to withhold any documents from production because we believe the performance data proves that Gannett had legitimate, non-discriminatory reasons to terminate Plaintiff's employment for poor sales performance.

We remain available to discuss any issues you have concerning the documents and information that we have produced and address any alleged deficiencies.  If you still believe that there are documents that have not been produced, please identify them with specificity and we would be happy to look for them.

Very truly yours,

/s/ James W. Boyan III
James W. Boyan III