UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANTOINETTE JUDY FAMULARE,

    Plaintiff,

v.

GANNETT CO., INC. et al.,

    Defendants.

Civ. No. 2:20-cv-13991(WJM)

OPINION

**WILLIAM J. MARTINI, U.S.D.J.**

    Before the Court is Defendants Gannett Co., Inc., Gannett Satellite Information Network, LLC, and LocalIQ, LLC's (collectively, "Gannett" or "Defendants") appeal, ECF No. 27, pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1)(A), of Magistrate Judge Michael A. Hammer's December 6, 2021 text order, ECF No. 23. The Court has reviewed the parties' submissions, ECF Nos. 27, 33, 34, 36, and decides the matter on the papers without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, Defendants' appeal is **DENIED**.

    The discovery dispute underlying this appeal concerns whether Defendants are obligated to produce screenshots of certain computer-generated reports from Defendants' online computer program known as Salesforce. According to Plaintiff Antoinette Famulare ("Plaintiff"), a former Gannett Account Executive, Salesforce maintains and memorializes various performance metrics of individual Account Executives and offers users the ability to generate reports of those metrics for a specified time period. Plaintiff generated and printed such reports of her own performance metrics and seeks in discovery the same reports for certain other Gannett employees for purposes of comparison. Defendants assert that the reports Plaintiff produced and printed are not free-standing, fixed reports, but are screenshots of the Salesforce "Dashboard" that displays the user's real-time data. As a result, Defendants argue they cannot generate or print out the reports that Plaintiff requests and can only provide her with Salesforce's underlying historical data exported to a Microsoft Excel spreadsheet. Defendants have already produced that Excel spreadsheet to Plaintiff.

    On December 6, 2021, following a telephone conference with the parties, Judge Hammer entered the following text order on the docket:

> For the reasons set forth on the record on December 6, 2021, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i), to the extent possible, Defendant shall

Case 2:20-cv-13991-WJM-MAH   Document 40   Filed 03/17/22   Page 2 of 3 PageID: 366

produce the reports in screenshot format in addition to the Excel spreadsheet format already produced. Counsel shall schedule and take the Rule 30(b)(6) deposition of a Defendant representative on this issue, if Defendant maintains that it cannot produce the screenshot format.

ECF No. 23 (abridged).

On the telephone conference, the parties presented to Judge Hammer the fundamental dispute concerning the functionality of Salesforce and whether the requested reports can be generated and printed as Plaintiff maintains they can be, or whether Salesforce is incapable of generating and printing the reports as Defendants maintain it is. *See generally* Dec. 6 Hr'g Tr., ECF No. 33. Upon hearing the parties' arguments, Judge Hammer concluded that a Rule 30(b)(6) deposition of an appropriate representative was "clearly going to have to happen" to allow Plaintiff to investigate why "all they can get in response to the document production request is the Excel spreadsheet." *Id.* 16:5-16:10; *see also id.* 13:9-13:11 ("[I]t seems fairly clear to me that this is going to have to go to that Rule 30(b)(6) deposition that we were discussing."); *id.* 15:20-15:21 ("[W]e'll have to let the Rule 30(b)(6) deposition play out."). Judge Hammer then proceeded to twice clarify that to the extent Defendants can print and produce the individual screenshots of the reports because that is how the information is stored in the ordinary course of business, then Defendants have "that production obligation," but "[w]hether [Defendants] can actually do that will be . . . capable of determination only after the deposition, the Rule 30(b)(6) deposition." *Id.* 16:11-16:19; *id.* 18:5-18:15 ("[I]t strikes me that that is exactly how they're kept in the ordinary course of business, since the employees in the ordinary course of business are accessing the information that way. . . . But, as we said, until the Rule 30(b)(6) deposition is completed . . . we just don't know.").

On December 20, 2021, Defendants appealed Judge Hammer's text order on the grounds that it requires them to produce electronically stored information ("ESI") in a second format in contravention of Federal Rule of Civil Procedure 34(b)(2)(E)(iii).[1] Def. Br. at 4-5, ECF No. 27-1.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). In this District, when "the magistrate [judge] has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion." *Kresefsky v. Panasonic Communs. & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). The appellant bears the burden of demonstrating that the standard for modifying or setting aside the Magistrate Judge's ruling has been met. *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

Defendants have not persuaded this Court that the December 6, 2021 text order is clearly erroneous, contrary to law, or an abuse of Judge Hammer's discretion. Indeed,

---

[1] Federal Rule of Civil Procedure 34(b)(2)(E)(iii) states "[a] party need not produce the same electronically stored information in more than one form."

Defendants have not presented a genuine conflict between the text order and their discovery obligations. On the one hand, they argue that the text order impermissibly requires them to produce ESI in a second format, Def. Br. at 4-5, ECF No. 27-1; but on the other, they continue to argue that "it is not possible to give Plaintiff this actual information in the form of screenshots of the Salesforce Dashboard due to the dynamic nature of the platform." Def. Reply at 7, ECF No. 36. It is precisely because of this latter argument that Judge Hammer afforded Defendants the option of providing an appropriate representative to testify at a Rule 30(b)(6) deposition on Salesforce's functionality and how it reports or maintains the data at issue. To the extent Defendants now argue "there is no basis to have a corporate representative deposed about whether Defendants have the capability to take screenshots," Def. Br. at 1, ECF No. 27-1, that position starkly contrasts their prior representations at the parties' meet-and-confer and on the December 6, 2021 telephone conference that they are "happy to have [Plaintiff] take [the deposition] and speak with our client representatives who can tell them about what's possible and what's not." Dec. 6 Hr'g Tr. 6:2-6:8, ECF No. 33.

Additionally, Defendants rely heavily on information drawn from certifications by Gannett employees and exhibits attached thereto to explain to this Court about Salesforce's functionality and how it maintains and stores data. *See* Def. Reply at 4-8, ECF No. 36. "Because the functionality of Salesforce is the core issue in this motion," Defendants "respectfully submit[] that the Court should decide it based on credible information." *Id.* at 3. The Court agrees, but as Defendants acknowledge, this information was not previously presented to or available to Judge Hammer for consideration. *See id.* at 12. This Court "may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir.1992). That Defendants need to rely on outside evidence to explain the functionality of Salesforce only underscores the clear need for a Rule 30(b)(6) deposition and a more developed record on this topic, as Judge Hammer repeatedly stated to the parties on the December 6, 2021 telephone conference. The Court reiterates Judge Hammer's sentiments that until that deposition is completed, the nature of the Salesforce program and its capabilities are unknown.

Accordingly, Defendants' appeal, ECF No. 27, is **DENIED** and Judge Hammer's text order, ECF No. 23, is **AFFIRMED**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: March 17, 2022